UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEONORA MORROW, *et al.* | CIVIL ACTION |
| VERSUS | NO. 25-1243 |
| IMPERIAL FIRE & CASUALTY INSURANCE COMPANY | SECTION M (3) |

### ORDER & REASONS

Before the Court is a motion for summary judgment filed by defendant Imperial Fire & Casualty Insurance Company ("Imperial").[1] Plaintiffs Lenora Morrow and Jontrae Cage ("Plaintiffs") respond in opposition,[2] and Imperial replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion because Plaintiffs' untimely proofs of loss associated with the damages sought in their breach-of-contract claim did not comply with the terms of their insurance policy and because their extra-contractual claims state no valid cause of action.

**I.    BACKGROUND**

The present action arises out of damage to Plaintiffs' property in Kenner, Louisiana, which they allege was the result of flooding associated with Hurricane Francine on September 11, 2024.[4] At the time the damage occurred, Plaintiffs' property was covered by a flood insurance policy issued to them by Imperial.[5]

---

[1] R. Doc. 13.
[2] R. Doc. 20.
[3] R. Doc. 21.
[4] R. Docs. 13-1 at 1-2; 20-9 at 1.
[5] R. Docs. 13-1 at 1-2; 20-9 at 1.

Plaintiffs' flood insurance policy was a Standard Flood Insurance Policy ("SFIP"), which Imperial issued to them pursuant to the National Flood Insurance Program ("NFIP").[6] The NFIP is a congressionally created program, the purpose of which is to provide affordable flood-insurance coverage to property owners. *Marseilles Homeowners Condo. Ass'n*, Inc. v. Fidelity Nat'l Ins. Co., 542 F.3d 1053, 1054 (5th Cir. 2008) (citing *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir. 1998)). SFIPs may be issued by either the Federal Emergency Management Agency ("FEMA") or by private insurers, like Imperial. *Id.* (citing *Gowland,* 143 F.3d at 953). However, the terms and conditions of all SFIPs are established by "'a regulation of FEMA, stating the conditions under which federal flood-insurance funds may be disbursed to eligible policyholders.'" *Id.* (alteration omitted) (quoting *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 733 (8th Cir. 2001)); *see generally* 44 C.F.R. § 61 app. A (2024) (codifying the terms and conditions of SFIP policies). Private insurers that issue SFIPs are called "Write Your Own" (WYO) companies and are fiscal agents of the United States. *Marseilles*, 542 F.3d at 1054 (citing *Gowland,* 143 F.3d at 953); 42 U.S.C. § 4071(a)(1).

The following background is based on the undisputed facts in the record or the nonmovants' version of events, as is appropriate at the summary-judgment stage. "Within a few days" of the September 11, 2024 flood damage, Morrow contacted Imperial to report her losses.[7] Imperial assigned Zach Young, an adjuster with CNC Catastrophe & National Claims ("CNC"), to inspect the damage to Plaintiffs' property.[8] Following the inspection, Plaintiffs did not receive the adjuster's inspection report from Imperial for over a month, despite Morrow's multiple attempts to contact Imperial.[9] Morrow received the inspection report on October 22, 2024, and

---

[6] R. Docs. 13-1 at 1-2; 20-9 at 1.
[7] R. Doc. 20 at 4.
[8] *Id.*; R. Doc. 20-3 at 2.
[9] R. Doc. 20 at 4.

the report indicated that the total covered damage to Plaintiffs' home (including recoverable depreciation) amounted to $118,308.11.[10] On that day, Morrow signed a completed proof-of-loss form associated with the report and submitted it to Imperial.[11] Then, on November 9, 2024, Imperial informed Plaintiffs of its decision and payment determination.[12] Soon after, Imperial paid Plaintiffs the total amount claimed in the October 22 proof of loss.[13]

Morrow, however, was unsatisfied with the estimate Young prepared after his inspection because she thought it failed to consider the flood damage to certain other items in her home.[14] Thus, after Morrow received the November 9, 2024 decision and payment, she contacted CNC to discuss her issues concerning the estimate, but her attempts were "fruitless."[15] As a result, Morrow hired Veteran Adjusters, Inc. ("Veteran Adjusters"), a public adjuster, to document additional damage to her property, which was itemized in a second proof of loss executed by Plaintiffs on November 15, 2024.[16] This second proof of loss claimed $132,966.10 of covered damage to Plaintiffs' property.[17] Imperial was not provided the proof of loss prepared by Veteran Adjusters until December 9, 2024.[18] After submitting this proof of loss to Imperial, Plaintiffs continued their attempts to make contact with CNC to discuss their issues concerning the October 22, 2024

---

[10] *Id.*; R. Doc. 20-3 at 2.
[11] R. Docs. 20 at 4; 20-4.
[12] R. Doc. 20 at 4.
[13] Plaintiffs assert vaguely in their opposition that they "submitted an adequate proof of loss that complies with the terms of the flood policy [and] that proof of loss was not paid in full." *Id.* at 7. Plaintiffs do not specify to which of the three submitted proofs of loss they refer, but even assuming that they are referring to the one timely submitted on October 22, 2024, they have not created a genuine dispute of material fact as to whether Imperial failed to pay that claim in full. Imperial attaches to its motion three checks issued to Plaintiffs that total $118,308.11, R. Doc. 13-8, which is the total amount of damages claimed in the October 22 proof of loss. R. Doc. 20-3 at 1.
[14] *See* R. Doc. 20 at 5.
[15] *Id.*
[16] *Id.* at 5, 10.
[17] R. Doc. 20-6 at 1.
[18] R. Doc. 20 at 5.

estimate.[19] Failing to connect with Imperial or CNC, Plaintiffs then retained counsel and submitted a third proof of loss on February 18, 2025, claiming additional items of loss.[20]

On June 17, 2025, Plaintiffs initiated the present action against Imperial, claiming that Imperial's estimate failed to account for the total damage to Plaintiffs' property and that Imperial did not make all payments reflected by their own estimate.[21] Plaintiffs seek contractual damages under their insurance policy, as well as extra-contractual damages, including damages for grief, mental anguish, and worry.[22]

## II.   LAW & ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the

---

[19] *Id.*
[20] *Id.* at 6. Although Plaintiffs contend on page 6 of their opposition that this third proof of loss was submitted to Imperial on January 27, 2025, they state on page 1 of their opposition that it was submitted to Imperial on February 18, 2025. *Id.* at 1. Because the evidence cited in connection with their third proof of loss is dated February 18, 2025, R. Doc. 20-2 at 1, and Imperial represents that the third proof of loss was submitted to Imperial on February 18, 2025, R. Doc. 21 at 1, this Court uses February 18, 2025, as the correct date of submission of the third proof of loss. In any event, whether the proof-of-loss form was submitted on January 27, 2025, or February 18, 2025, the Court's analysis of the pending motion would be unaffected.
[21] R. Doc. 1 at 2-3.
[22] *Id.* at 3-4.

conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v.*

*Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

### B. Discussion

Imperial seeks summary judgment in its favor on Plaintiffs' breach-of-contract claim, Plaintiffs' extra-contractual claims, and Plaintiffs' jury demand. The Court considers each argument in turn.

#### 1. Plaintiffs' Breach-of-Contract Claim

Imperial argues in its motion for summary judgment that Plaintiffs' claim for breach of contract fails because Plaintiffs did not satisfy two requirements set out in their SFIP.[23] First, Imperial maintains that Plaintiffs did not comply with Articles VII(G)(3)-(5) of the SFIP, which required them to submit a signed, sworn, and documented proof of loss in support of the damages they claim in this lawsuit – damages for additional flood benefits beyond those claimed in the October 22, 2024 proof of loss – within 60 days of September 11, 2024, the date of Plaintiffs' loss.[24] Second, says Imperial, it is entitled to summary judgment on the breach-of-contract claim because Plaintiffs' lawsuit is premature, as Article VII(O) of the SFIP "requires the insured to

---

[23] R. Doc. 13-2 at 7-12.
[24] *Id.* at 7-11.

comply with 'all' of the SFIP's requirements before filing [a] lawsuit."[25]  Imperial submits that Plaintiffs have not complied with the requirements in Articles VII(G)(3)-(5) and (O).[26]

In response, Plaintiffs argue that summary judgment is not proper because the evidence shows that Morrow submitted an adequate proof of loss compliant with the terms of the SFIP or, at the very least, creates a genuine dispute of material fact as to whether she did.[27]  Plaintiffs primarily assert that "the proof of loss does not consist of a single form, but constitutes the entire record before the [insurer]."[28]  Thus, Plaintiffs contend that, because the October 22, 2024 proof of loss was compliant with the terms of the SFIP, the proofs of loss executed on November 15, 2024 (but received by Imperial on December 9, 2024), along with the February 18, 2025 proof of loss, provided "more than adequate information to evaluate Ms. Morrow's claim."[29]  Thus, intone the Plaintiffs, "substance should prevail over formalism."[30]  Plaintiffs' opposition does not address Imperial's argument that they have not satisfied the conditions precedent to filing the present lawsuit.

In its reply, Imperial reurges the points made in its motion and contends that Fifth Circuit jurisprudence precludes the argument of "substantial compliance" raised in Plaintiffs' opposition.[31]

Where a flood-insurance claim is at issue, "[a]n insured's failure to strictly comply with the SFIP's provisions – including the proof-of-loss requirement – relieves the federal insurer's obligation to pay the non-compliant claim." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529,

---

[25] *Id.* at 12-13 (quote at 12).
[26] *Id.* at 11-12.
[27] R. Doc. 20 at 6-11.
[28] *Id.* at 9.
[29] *Id.* at 1, 9-10 (quote at 9).
[30] *Id.* at 11.
[31] R. Doc. 21 at 4-8.

7

534 (5th Cir. 2015).  The SFIP's proof-of-loss requirements, as relevant to the instant motion, are detailed in Articles VII(G)(4) and (5) of the SFIP, which provide:

> In case of a flood loss to insured property, you must:
>
> . . . .
>
> 4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
>> a. The date and time of loss;
>>
>> b. A brief explanation of how the loss happened;
>>
>> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>>
>> d. Details of any other insurance that may cover the loss;
>>
>> e. Changes in title or occupancy of the insured property during the term of the policy;
>>
>> f. Specifications of damaged buildings and detailed repair estimates;
>>
>> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>>
>> h. Details about who occupied any insured building at the time of loss and for what purpose; and
>>
>> i. The inventory of damaged personal property described in G.3 above.
>
> 5.  In completing the proof of loss, you must use your own judgment concerning the amount of loss and justify that amount.

44 C.F.R. § 61 app. A(1).

The question in this case, then, becomes whether the October 22, 2024 proof of loss, which both parties admit was compliant with the terms of the SFIP, permits Plaintiffs to recover the additional amounts claimed in the two proofs of loss submitted after the expiration of the 60-day proof-of-loss period, since all of these proofs of loss relate to the same insurance claim.  This Court agrees with Imperial that the question of law presented in this case has been squarely decided by the Fifth Circuit in *Ferraro v. Liberty Mutual Fire Insurance Co.*, 796 F.3d 529 (5th Cir. 2015).

In *Ferraro*, the court considered as an issue of first impression "[w]hether an insured must submit an *additional* proof of loss to recover an additional amount on a preexisting claim." *Id.* at 532 (emphasis in original). The plaintiffs in that case were the policyholders of an SFIP issued by a WYO insurer. *Id.* at 530. An independent adjuster assessed their damage and then prepared a proof-of-loss form, which the plaintiffs signed and sent to the insurer with a handwritten note explaining that they would supplement their form. *Id.* The WYO insurer paid the full amount of the proof of loss. *Id.* The plaintiffs later submitted a public adjuster's estimate of the total damage, which estimate did not meet the SFIP's form requirements for a proof of loss. *Id.* An adjuster for their insurer told them that no additional forms were necessary to support their claims. *Id.* But their WYO insurer never paid the plaintiffs more than the amount claimed in the original proof-of-loss form they submitted. *Id.* In deciding whether the insurer was required to pay the additional amounts, the Fifth Circuit held that, to recover an additional amount on a preexisting claim, "a second proof of loss is indeed required." *Id.* at 532-33. And since the subsequent estimate the *Ferraro* plaintiffs submitted to their insurer did not comply with the SFIP's requirements for a proof of loss, the defendant insurer was entitled to summary judgment. *Id.* at 534.

In this case, the damage to Plaintiffs' property occurred on September 11, 2024. Thus, under the terms of the SFIP, Plaintiffs had to provide a completed proof-of-loss form related to any claim for their flood damage by November 11, 2024. Plaintiffs concede that they only submitted one proof of loss before November 11, 2024, which Imperial paid in full. As a result, Imperial is entitled to summary judgment on the breach-of-contract claim for damages exceeding those claimed in the timely October 22, 2024 proof of loss.

Having decided that Imperial is entitled to summary judgment on Plaintiffs' breach-of-contract claim based on the noncompliant, tardy proofs of loss, the Court need not reach the second

9

issue raised by Imperial – whether Plaintiffs satisfied all conditions precedent to filing the present lawsuit.

### 2. Plaintiffs' Extra-Contractual Claims

In its motion for summary judgment, Imperial next contends that Plaintiffs' claims for extra-contractual damages are preempted by federal law.[32] Plaintiffs do not address this contention in their opposition.

The Fifth Circuit has made clear "that state law tort claims arising from claims handling by a WYO are preempted by federal law," including the National Flood Insurance Act ("NFIA"). *Wright v. Allstate Ins. Co.* (*Wright I*), 415 F.3d 384, 390 (5th Cir. 2005). It has also held that neither the NFIA nor the SFIP expressly authorizes policyholders to file extra-contractual claims against WYO insurers or implicitly authorizes a federal common-law right of action against WYO insurers. *Wright v. Allstate Ins. Co.* (*Wright II*), 500 F.3d 390, 398 (5th Cir. 2007). Regardless, when the issue of insurance coverage is resolved in the insurer's favor, extra-contractual claims do not survive. For both of these reasons, Imperial is entitled to summary judgment on Plaintiffs' claims for extra-contractual damages.

### 3. Plaintiffs' Jury Demand

Finally, Imperial argues that Plaintiffs have no right to a jury trial, as the present action is one to recover money from the federal government.[33] Having decided that Imperial is entitled to summary judgment on all of Plaintiffs' claims, the Court need not consider Imperial's request for summary judgment as to Plaintiffs' jury demand.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

---

[32] R. Doc. 13-2 at 13.
[33] *Id.* at 14.

IT IS ORDERED that Imperial's motion for summary judgment (R. Doc. 13) is GRANTED, and Plaintiffs' claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 12th day of January, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE